IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIANE SALES, INC., *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 1:20-cv-00058-JMC |
| TIC TOC WATCH REPAIR | * | |
| & DISTRIBUTIONS, INC., *et al* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT & RECOMMENDATION

This Report and Recommendation addresses Plaintiff Bernard Kraft's Request for Judgments by Default Against Defendants Scott Robbins and Amy Robbins on Count I of Plaintiffs' Complaint (ECF No. 28) ("Motion for Default Judgment").[1]  Defendants have not filed a response and the time to do so has now passed.  *See* Loc. R. 105.2.a (D. Md. 2018).  On September 18, 2020, Judge Blake entered an Order (ECF No. 29) directing counsel to "submit a copy of the Loan Agreement, and identify the portion(s) supporting the request for 12%  interest both pre- and post-judgment."  Plaintiffs filed a response (ECF No. 30) to Judge Blake's Order on September 30, 2020.[2]  That same day, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Blake referred this case to me for a report and recommendation on Plaintiffs' Motion for Default Judgement.  For the reasons more fully explained below, I respectfully recommend that Plaintiffs' Motion for Default Judgment be GRANTED.

---

[1] While Plaintiff Kraft individually filed the Motion for Default Judgment, this case involves a second plaintiff: Diane Sales, Inc.  Therefore, the Court will refer to the collective "Plaintiffs" for purposes of this opinion.

[2] Defendants did not file a timely reponse to Judge Blake's order, or Plaintiff's reponse thereto, either.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiffs commenced this action against Defendants on January 13, 2020.  (ECF No. 2 at ¶ 1).  The Complaint alleges five counts: (1) Breach of Contract; (2) Breach of Contract; (3) Accounting; (4) Unjust Enrichment; and (5) Unfair Competition.  (ECF No. 2 at ¶¶ 48–94).  Of these, the Court will focus on Count I because it is the sole count on which Plaintiffs move for default judgment.  Plaintiffs alleged the following facts.

In June 2017, Plaintiffs extended Defendants a loan in the amount of $40,624.50, which accrues interest at a rate of 12% per annum until repaid, ("Loan Agreement") to enable Defendants to buy and resell Versace handbags.  (ECF No. 2 at 8–9).  This agreement was executed orally and never reduced to writing.  (*Id.* at 8; ECF No. 30-1 at 1).  The Loan Agreement commenced on June 6, 2017, when Plaintiffs advanced the funds to purchase the handbags and became due and payable upon completion of the resale.  (ECF No. 2 at 9).  Plaintiffs allege that Defendants received the revenue of the resale in summer of 2017, but "failed and/or refused to . . . repay [Plaintiffs] the loan principal with accrued interest."  *Id.*

Service of process was affected on Defendants on February 24, 2020.  (ECF No. 19).  Defendants did not file an answer or responsive pleading within the requisite time period.  Upon Plaintiffs' Motions for Entry of Default against Defendants (ECF No. 22), the Clerk entered judgment in Plaintiffs' favor on July 1, 2020.  (ECF Nos. 24 & 25).  Plaintiffs then filed their Motion for Default Judgment on August 20, 2020, seeking to recover from Defendants the outstanding principal balance of the Loan Agreement plus 12% per annum of accrued interest.  (ECF No. 28).  Upon review of Plaintiffs' Motion (ECF No. 28) and supplemental affidavit (ECF No. 30-1), I am satisfied that $56,224.31 accurately reflects the amount owed to Plaintiffs under the Loan Agreement.

## II.     ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the wellpleaded factual allegations in the Complaint as to liability. *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).   Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law. *United States v. Redden*, No. 09-cv-2688-WDQ, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790).   Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).   If the Court determines that liability is established, the Court must then determine the appropriate amount of damages or other relief. *CGI Fin., Inc., v. Johnson*, No. 12-cv-1985-ELH, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013).   The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.

Federal Rule of Civil Procedure 55 establishes the Court's legal framework for resolving this matter.   "If, after entry of default, the plaintiff's complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.   A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims

liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *Redden*, 2010 WL 2651607, at *2. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.    Liability**

Subject matter jurisdiction in this case is predicated on the diversity of the parties. A federal court sitting in diversity must apply the choice of law rules applicable in the forum state. *Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941). In contract actions, Maryland courts generally apply the law of the jurisdiction where the contract was made, pursuant to the doctrine of *lex loci contractus*. *See, e.g., Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 A.2d 100 (1992). Here, Plaintiffs' Complaint and Motion are silent as to where the contract was made (i.e., at Plaintiffs' business in Maryland or Defendants' home state of New Jersey); however, taking as true the well-pleaded allegations of the Complaint (ECF No. 2), Defendants' liability under either Maryland or New Jersey law is readily established in this case.

Under Maryland law, to prove a breach of contract claim, Plaintiffs must demonstrate that Defendants owed Plaintiffs a contractual obligation and that Defendants breached that obligation. *Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc.*, 988 F. Supp. 2d 542, 550 (D. Md. 2013) (quoting *Taylor v. NationsBank, N.A.*, 365 Md. 166, 776 A.2d 645, 651 (2001)). In order to prove Defendants' contractual obligation, the parties must have had a meeting of the minds as to the material terms of the agreement. *Id.* (quoting *Tecart Indus., Inc. v. Nat'l*

*Graphics, Inc.*, 198 F.Supp.2d 719, 724 (D. Md.2002)). Similarly under New Jersey law, a plaintiff must establish the following elements to support a breach of contract claim: "(1) the existence of a valid and enforceable contract; (2) a breach of that contract; and (3) damages." *Luongo v. Village Supermarket, Inc.*, 261 F. Supp.3d 520, 528 (D.N.J. 2017) (citing *Murphy v. Implicito*, 920 A.2d 678, 689 (Ct. App. Div. 2007)).

The Loan Agreement between the parties obligated (1) Plaintiffs to provide Defendants with an uncollateralized loan in the amount of $40,624.50; and (2) Defendants to pay Plaintiffs a sum of $40,624.50 plus 12% per annum until repaid, beginning on the date Plaintiffs advanced the principal amount of the loan.  (ECF Nos. 2 at 9; 28-1 at 1).  Plaintiffs wired $40,624.50 to vendor "eBargain Square" on June 6, 2017, which enabled Defendants to purchase Versace handbags and resell them to another retailer during the summer of 2017.  *Id.*  Since repayment of the loan became due, notwithstanding Plaintiffs written demands for payment, Defendants have failed to repay Plaintiffs the principal balance and accrued interest.  Assuming these factual allegations as true, I find that Plaintiffs have stated a claim for relief for breach of contract (Count I).  I recommend that Plaintiffs' Motion for Default Judgment be granted as to Count I.

## C.     Damages

Having determined that Plaintiffs have established liability, it is now appropriate to determine the damages to which Plaintiffs are entitled. Under both Maryland and New Jersey law the purpose of contract damages is to put the non-breaching party in as good a position as it would have been had the contract been performed. *Totaro, Duffy, Cannova & Co., L.L.C. v. Lane, Middleton & Co., L.L.C.*, 191 N.J. 1, 12–13, 921 A.2d 1100, 1107–08 (2007); *see also Marina District Dev. Co., LLC v. Ivey*, 223 F. Supp. 3d 216, 221 n.6 (D.N.J. 2016) ("The goal of contract law is to put the injured party in as good a position as if performance had been rendered,

and a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract.") (citation omitted); *Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 622 (D. Md. 2001) aff'd, 30 F. App'x 117 (4th Cir. 2002) ("In Maryland, "a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in had the contract not been broken."); *Kucin v. Devan*, 251 B.R. 269, 273 (D. Md. 2000) ("In contract law, the nonbreaching party is entitled to damages for its "expectation interest," which are damages sufficient to place the nonbreaching party in as good a position as the party would have been had the contract been performed.").

Here, had Defendants not breached the contract, Plaintiffs would have been paid back the loan plus 12% per annum until repaid in full. Upon review of Plaintiffs' Motion (ECF No. 28) and supplemental affidavit (ECF No. 30-1), I am satisfied that $56,224.31 accurately reflects the amount owed to Plaintiffs and recommend that Plaintiffs be awarded damages in that amount. (*See* ECF No. 28-1).[3]

## III.   CONCLUSION

In sum, I recommend that:

1.      The Court GRANT Plaintiff's Motion for Default Judgment (ECF No. 28) against Defendants Scott Robbins and Amy Robbins as to Count I.

2.      The Court award Plaintiffs damages in the amount of $56,224.31.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the address(es) listed on Plaintiff's Complaint (ECF No. 2). Any objections to this Report and

---

[3] Plaintiffs' accrued interest calculation is slightly off. (*See* ECF No. 28-1 at 2). The Court calculated the amount owed in interest as follows:

The principal loan amount ($40, 624.50) times annual interest rate (12%) equals $4,874.94. The annual amount of interest owed ($4,874.94) divided by days in a year (365) equals $13.356. Therefore, the daily amount of interest owed ($13.356) times the number of days (1,168 days— June 6, 2017 to August 17, 2020) equals $15, 599.81, not $15,604.48.

Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P.

72(b) and Local Rule 301.5.b.


Dated: November 16, 2020

_____/s/_____

J. Mark Coulson
United States Magistrate Judge